J. C. NICHOLS LAND CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

Docket No. 30161. Promulgated July 30, 1930.

*Perry W. Shrader, Esq.*, for the petitioner.
*George S. Herr, Esq.*, for the respondent.

OPINION.

LANSDON: The petitioner computed net income in all returns to and including 1919 upon the strict accrual basis. For 1920, 1921, and 1922 it filed original returns which, confessedly, purported to show net income for those years on the installment basis. It concedes now that the income from installment sales reported in those returns was incorrectly computed. The parties have stipulated that the respondent accepted and closed the returns for 1920 and 1921 without any corrections. The petitioner further concedes that, except for the inclusion of the item of $4,060.92 as to which the respondent admits error, the latter has correctly computed the net income for 1922 on the installment basis, if it was proper for the respondent to include in the income for that year, under section 705 of the Revenue Act of 1928, amounts received in such year on account of installment sales of 1920 and 1921. The provisions of the statute to which the petitioner refers read as follows:

(a) If any taxpayer by an original return made prior to February 26, 1926, changed the method of reporting his net income for the taxable year 1924 or any prior taxable year to the installment basis, then, if his income for such year is properly to be computed on the installment basis—

\* \* \* \* \* \* \*

(2) No deficiency shall be determined or found in respect of any such taxes unless the taxpayer has underpaid his taxes for such year, computed by excluding, in computing income, amounts received during such year on account of sales or other dispositions of property made in any year prior to the year in respect of which the change was made.

The petitioner contends that it changed its method of reporting income to the installment basis by an original return for 1922, and that under the above-quoted provisions of the 1928 act the respondent improperly included in income the sum of $26,476.25 received in that year on account of installment sales made in 1920 and 1921. The petitioner argues that since the net income was incorrectly computed on the installment basis, in the returns for 1920 and 1921, and the respondent failed to redetermine the correct net income for those years on the installment basis, such returns can not be regarded as having been prepared on the installment basis or as reflecting any change in the method of reporting income; and that the respondent having corrected the return for 1922 so as to correctly

reflect the income for that year upon the installment basis, the change to the installment basis of reporting income must be considered as having been made in that year.

We disagree entirely with the petitioner's contention. The fact that the respondent failed to correct the returns of either 1920 or 1921 so that they would correctly reflect the income of those years upon the installment basis is of little or no consequence in deciding by what return the change to the installment basis of reporting income was made. The important thing is that the petitioner first filed a return purporting to show the net income computed upon the installment basis for 1920, and that return was accepted and approved by the respondent. With the acceptance and approval of that return by the respondent, the change in the method of reporting income became an accomplished fact, and was just as effective as though the net income had been computed therein on the installment basis with the utmost degree of accuracy. Indeed, we think that the change would have been just as effective had not the petitioner undertaken to compute the net income at all, so long as the desire to change to the installment basis was expressly indicated and the return contained sufficient data upon which to base a computation of net income on that basis; but, having made the computation in the return on the installment basis according to its own best judgment as to what was proper, it will not be heard to say now, in an attempt to gain an undue advantage, that the return was not prepared on the installment basis, simply because its computations were erroneous and net income was not correctly stated. It would be unconscionable if the petitioner could by any such scheme as it has evolved escape its fair burden of tax upon that part of the profits derived from installment sales of 1920 and 1921, the accounting for which was deferred for the purposes of the tax to the periods in which reduced to possession.

We hold that the petitioner changed its method of reporting income to the installment basis by an original return for 1920; that the provisions of section 705 (a) (2) of the Revenue Act of 1928 are not applicable under the facts of this case; and that the respondent very properly included in income for 1922 the payments received in that year on account of installment sales of 1920 and 1921. Section 212 (d), Revenue Act of 1926.

In accordance with the respondent's confession of error as to the other issue, the net income shown by the deficiency notice should be reduced by the sum of $4,060.92.

*Judgment will be entered under Rule 50.*